**Jim REYES, Plaintiff–Appellant,**

v.

**TRUGREEN LIMITED PARTNERSHIP, Defendant–Appellee.**

No. 07–13335

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 22, 2008.

Rehearing En Banc Denied April 30, 2008.

Monica Galindo Stinson, Chasin & Stinson, Keith Chasin, P.A., Miami, FL, for Plaintiff–Appellant.

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

In his two-count amended complaint in this case, Jim Reyes seeks compensatory and punitive damages against his former employer, TruGreen Limited Partnership, under Florida's Workers' Compensation law, in Count I, and compensatory damages under Florida's Whistle–Blowers Act, in Count II. The gist of Reyes's allegations is that TruGreen retaliated against him for filing a worker's compensation claim and for giving deposition testimony in a worker's compensation retaliation case filed by another TruGreen employee. After the parties joined issue and engaged in discovery, TruGreen moved for summary judgment.

In a comprehensive order in which it dealt at length with each of Reyes's allegations, the district court found no merit in Reyes's claims and granted TruGreen summary judgment. Record, Vol. 2 at Tab 62. Reyes now appeals, claiming error in each of the district court's dispositive rulings. We find no error, and for the reasons the court gave in its order granting summary judgment, we conclude that Reyes's claims lack merit.

**AFFIRMED.**